THE HONORABLE J KELLEY ARNOLD

FILED LODGED RECEIVED
JUN 24 2002
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

CV 01-05264  #00000066

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL PATRICK TAYLOR,

    Plaintiff,

v

ROADWAY EXPRESS, INC , a foreign corporation,

    Defendant

NO  C01-5264(RJB)JKA

DEFENDANT'S MEMORANDUM REGARDING JURY REQUEST FOR CLARIFICATION OF INSTRUCTION NO  11

Defendant submits the following Memorandum Regarding Jury Request for Clarification of Instruction No  11

This case was tendered to the jury for verdict deliberations at approximately 1 15 p m  on June 21, 2002  Prior to deliberations, the court adopted Instructions  Except for minor revisions, Instruction No  11 mirrored Plaintiff's Proposed Jury Instruction regarding retaliation  According to the citations provided by Plaintiff, he drafted the instruction based on WPI 330 05, 9th Circuit Model Jury Instruction 13 8, and <u>Wilmot V  Kaiser Aluminum Chemical Corp</u>, 118 Wash  2d 46, 821 P 2d 18 (1991)

Anticipating jury confusion of element 3 in Instruction No  11, Defendant submitted a proposed Special Verdict Form.  Defendant took exception on the record to the court's failure to adopt 9th Circuit Model Jury Instruction 13 8 "Retaliation – Elements", the court's failure to adopt 9th Circuit Model Jury Instruction 13 9 – "Retaliation – Defense – Non-retaliatory Reason

DEFENDANT'S MEMORANDUM REGARDING JURY REQUEST
FOR CLARIFICATION OF INSTRUCTION NO  11- 1
Case No  C01-5264(RJB)JKA
DEFENDANT'S MEMORANDUM REGARDING INSTR 11 DOC/8052/4

EISENHOWER & CARLSON, PLLC
ATTORNEYS-AT-LAW
1200 WELLS FARGO PLAZA
1201 PACIFIC AVENUE
TACOMA WASHINGTON 98402
PHONE 253-572-4500
FAX 253-272 5732



– Pretext" and the court's failure to use a special verdict form

Following approximately two and a half hours of verdict deliberations on June 21, 2002, the jury provided written request to the court for clarification of Jury Instruction No 11, and specifically element 3 therein  The jury's written request to the court, a copy of which was provided to counsel, read as follows

*6/21/02*

*Dear Judge Arnold,*

*We would like a clarification of #3 in instruction #11*

*We are divided on an interpretation of its meaning*

*Sincerely,*

*Jean Davies*
*Jury Representative*

It is seems logical to infer that the jury is divided on the interpretation of the phrase "a substantial factor motivating the discharge "

To assist the jury in understanding the law, Defendant proposes the court  (1) request further information from the jury concerning the interpretations upon which they are divided and the specific clarification they seek, and/or (2) substitute Defendant's Special Verdict Form for the court's General Verdict Form A and B, and/or (3) provide the jury a supplemental instruction in substantially similar form to 9th Circuit Model Instruction 13 9, a copy of which is attached

    A.    <u>The Court Should Request Additional Information From the Jury Concerning the Interpretations Upon Which They are Divided and the Specific Clarification they Seek</u>

Although the jury is likely confused regarding the phrase "a substantial factor motivating the discharge," we don't know whether the jury seeks clarification regarding what amounts to "substantial", the use of the word "a" as opposed to "the", or some other issue  At this time, the court and counsel are merely guessing as to the jury interpretation or confusion which makes

DEFENDANT'S MEMORANDUM REGARDING JURY REQUEST
FOR CLARIFICATION OF INSTRUCTION NO 11- 2
Case No C01-5264(RJB)JKA
DEFENDANT'S MEMORANDUM REGARDING INSTR 11 DOC/8052/4

EISENHOWER & CARLSON, PLLC
ATTORNEYS-AT-LAW
1200 WELLS FARGO PLAZA
1201 PACIFIC AVENUE
TACOMA WASHINGTON 98402
PHONE 253 572-4500
FAX 253-272-5732

responding to the request for clarification difficult

Additionally, because some of the acts of dishonesty alleged by Defendant were tangentially related to filing of the worker's compensation claim, some jurors may believe that even if the Defendant terminated Plaintiff solely for dishonesty, because the dishonesty was related to the worker's compensation claim, that the termination was substantially related to the claim. Because it is not the law, if this is the source of juror confusion, it must be addressed to prevent an unjust verdict.

Requesting additional information from the jury regarding the nature of their confusion and the specific clarification they seek may rectify the confusion and ensure the jury fully understands the law and renders an appropriate verdict.

B. The Court Should Substitute Defendant's Special Verdict Form for General Verdict Forms A and B

The court has the discretion to supplement its instructions. Although the "necessity, extent and character of additional instructions are matters within the sound discretion of the trial court" a district court "has an **obligation**, when a jury requests clarification on an issue, to 'clear away the confusion with concrete accuracy'" U S v McIver, 186 F 3d 1119 (9th Cir 1999)(cert denied McIver v U S , 528 U S 1177, 120 S Ct 1210 (2000)(emphasis added), Jazzabi v Allstate Ins Co , 278 F 3d 979 (9th Cir 2002)

Defendant's proposed Special Verdict Form (a copy of which is attached hereto) is a correct statement of the law as it includes a pretext analysis, incorporating language from 9th Circuit Model Instruction 13 9

Additionally, the Special Verdict Form should be used since it would assist the jury understanding Instruction No 11, element 3 by providing a step-by-step analysis consistent with the instructions

DEFENDANT'S MEMORANDUM REGARDING JURY REQUEST
FOR CLARIFICATION OF INSTRUCTION NO 11- 3
Case No C01-5264(RJB)JKA
DEFENDANT'S MEMORANDUM REGARDING INSTR 11 DOC/8052/4

EISENHOWER & CARLSON, PLLC
ATTORNEYS AT LAW
1200 WELLS FARGO PLAZA
1201 PACIFIC AVENUE
TACOMA WASHINGTON 98402
PHONE 253-572-4500
FAX 253 272 5732

C. **The Jury Should be Provided Supplemental Instructions in Substantially Similar Form to 9th Circuit Model Instruction 13.9**

In Plaintiff's proposed Jury Instruction, which was adopted by the court as Instruction No. 11, Plaintiff cited to 9th Circuit Model Instruction 13.8, in addition to WPI 330.05 and Wilmot v. Kaiser Aluminum Chemical Corp., 118 Wash. 2d 46, 821 P.2d 18 (1991).

Although the court adopted as Instruction No. 11 the substantial form of Plaintiff's proposed instruction citing to 9th Circuit Jury Instruction 13.8, the instructions fail to include pretext and burden shifting included in 9th Circuit Model Jury Instruction 13.9.

It is apparent from the comments to model instructions 13.8 and 13.9 that they were intended to be used together if a defendant articulates a non-discriminatory reason for the action taken and a plaintiff claims that reason is a pretext. "This instruction [13.8] should be given, if applicable, with Instruction 13.9 (Retaliation – Defense – Non-Retaliatory Reason – Pretext)" (Comment to 9th Circuit Model Instruction 13.8), "This instruction [13.9] should be given in conjunction with Instruction 13.8 (Retaliation – Essential Elements)" (Comment to 9th Circuit Model Instruction 13.9).

In addition, although the court stated its intent to follow Wilmot, the instructions fail to include the concept of pretext which is detailed in Wilmot. Wilmot v. Kaiser Aluminum Chemical Corp., 118 Wash. 2d at 73 (1991).

The failure of the court to provide the jury with instructions on pretext provides the jury with an incorrect statement of the law, takes Defendant's defense out the minds of the jury during their deliberations, and may be the source or a contributing factor to the juror's confusion. The court can correct this error at this time.

In response to the jury questionnaire, Defendant proposes the court (1) request additional information from the jury concerning the specific clarification they seek, and/or (2) substitute Defendant's Special Verdict Form for General Verdict Forms A and B, and/or (3) provide the jury supplemental instruction in substantially similar form to 9th Circuit Model Instruction 13.9

DEFENDANT'S MEMORANDUM REGARDING JURY REQUEST FOR CLARIFICATION OF INSTRUCTION NO. 11- 4
Case No. C01-5264(RJB)JKA
DEFENDANT'S MEMORANDUM REGARDING INSTR 11 DOC/8052/4

**EISENHOWER & CARLSON, PLLC**
ATTORNEYS-AT-LAW
1200 WELLS FARGO PLAZA
1201 PACIFIC AVENUE
TACOMA, WASHINGTON 98402
PHONE 253 572-4500
FAX 253-272-5732

1   DATED June 23, 2002

2                                           EISENHOWER & CARLSON, PLLC

3

4                                           By _____ 27627
                                            Gregory J Murphy, WSBA #16184
5                                           Attorneys for Defendant
                                            Roadway Express, Inc

DEFENDANT'S MEMORANDUM REGARDING JURY REQUEST
FOR CLARIFICATION OF INSTRUCTION NO 11-5
Case No C01-5264(RJB)JKA
DEFENDANT'S MEMORANDUM REGARDING INSTR 11 DOC/8052/4

**EISENHOWER & CARLSON, PLLC**

ATTORNEYS AT-LAW
1200 WELLS FARGO PLAZA
1201 PACIFIC AVENUE
TACOMA WASHINGTON 98402

PHONE 253-572 4500
FAX 253-272 5732

## SPECIAL VERDICT FORM

We the jury, make the following answers to the questions submitted by the court

1.  Do you find that plaintiff proved by a preponderance of the evidence that the filing of his worker's compensation claim was a substantial factor causing his termination?

    _____ Yes    _____ No

    If you answered "No" to question 1, sign this special verdict form and return it  If you answered "Yes" to question 1, answer the next question on this special verdict form

2.  Do you find that defendant articulated a non-discriminatory explanation for plaintiff's termination, namely that plaintiff was dishonest by concealing and failing to truthfully answer questions about his October 1, 1999 "slip and fall" accident?

    _____ Yes    _____ No

    If you answered "No" to question 2, answer question 4  If you answered "Yes" to question 2, answer the next question on this special verdict form

3.  Do you find that plaintiff proved by a preponderance of the evidence that defendant's non-discriminatory explanation for plaintiff's termination is merely a pretext for impermissible retaliation?

    _____ Yes    _____ No

    If you answered "Yes" to question 3, answer question 4  If you answered "No" to question 3, sign this special verdict form and return it

INSTRUCTION NO ____

If you find that the plaintiff has proven all three elements of plaintiff's retaliation claim by a preponderance of the evidence, you must find in favor of plaintiff unless the defendant has articulated a legitimate, non-discriminatory explanation for the adverse employment action taken against plaintiff If the defendant has articulated a non-retaliatory explanation for the unfavorable action taken against plaintiff, then you must find in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the defendant's alleged explanation is merely a pretext for impermissible retaliation

In order to provide that the defendant's alleged explanation is a pretext for impermissible retaliation, the plaintiff must show both the explanation is false and that retaliation was the real reason for the defendant taking the adverse employment action against the plaintiff

If the plaintiff proved that the defendant's legitimate non-retaliatory reason was merely a pretext for impermissible retaliation, you must find in favor of the plaintiff unless the defendant proves by a preponderance of the evidence that the defendant would have taken the adverse employment action against the plaintiff even in the absence of retaliatory intent or motive